**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
HALEH R. JENKINS, SB# 185482
  E-Mail: Haleh.Jenkins@lewisbrisbois.com
ANNE M. TURNER, SB# 315861
  E-Mail: Anne.Turner@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN MCGEE, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, local government entity of the State of California; NIDAL ALAMMARI, an individual; VIGEN ESMILLIAN, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:20-CV-10697 VAP (KSx)<br><br>District Judge: Virginia A. Phillips<br>Courtroom 8A<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date:   May 24, 2021<br>Time:  2:00 p.m.<br>Courtroom 8A |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on May 24, 2021 at 2:00 p.m. in Courtroom 8A of the above-entitled court located at 350 West 1st Street, Los Angeles, California 90012, Defendant, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant" or "The Regents"), will move to

4842-9491-5046.1

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES

dismiss the third cause of action within the First Amended Complaint pursuant to Federal Rule of Civ. Proc. Rule 12(b)(6).  Defendant moves to dismiss Plaintiff's third cause of action on the following grounds:

1. Plaintiff's third cause of action for willful violation of the Equal Pay Act of 1963, 29 USC § 206 *et seq.*, 29 USC §§ 255 *et seq.*, and California Labor Code § 1197.5(h) fails to state a claim upon which relief may be granted because the cause of action is time-barred.

2. Plaintiff's third cause of action for willful violation of the Equal Pay Act of 1963, 29 USC § 206 *et seq.*, 29 USC §§ 255 *et seq.*, and California Labor Code § 1197.5(h) fails to state a claim upon which relief may be granted because Defendant is immune from suit for violations of California Labor Code § 1197.5.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 13, 2021.  The motion is based upon this notice of motion and motion and the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented at or before the hearing of the motion.

DATED:  April 26, 2021          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     */s/ Haleh R. Jenkins*
          Haleh R. Jenkins
          Anne M. Turner
          Attorneys for Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

4842-9491-5046.1

2

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 5, 2021, Plaintiff filed the First Amended Complaint ("FAC"). Therein, Plaintiff asserted a new cause of action for unequal pay in violation of federal and state laws against The Regents. This cause of action – Plaintiff's third cause of action for willful violation of the Equal Pay Act of 1963, 29 USC §§ 206 *et seq.*, 29 USC §§ 255 *et seq.*, and California Labor Code § 1197.5(h) – must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's third cause of action must be dismissed because the claim is time-barred and because The Regents is immune from suit under the asserted provision of the California Labor Code. Dismissal without leave to amend is warranted because no amendment would cure the deficits in the pleadings.

## II. LEGAL STANDARD

A Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper when the complaint either fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Srvcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Moreover, a 12(b)(6) motion is appropriate where the complaint states allegations disclosing some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, n.1 (9th Cir. 1997); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009).

In resolving a Rule 12(b)(6) motion, all allegations of "material fact are taken as true and construed in the light most favorable to the Plaintiffs. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 113, 1140 (9th Cir. 1996). A matter that is properly the subject of judicial notice may be considered alongside the complaint when deciding a motion to

dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 fn. 9 (9th Cir. 2012); *Antman v. Uber tech., Inc.*, 2015 U.S. Dist. LEXIS 141945 (N.D. Cal. 2015) (explaining that courts can take judicial notice of another court's opinion).

## III. ARGUMENT

### A. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's third cause of action for willful violation of the Equal Pay Act of 1963, 29 USC §§ 206 *et seq.*, 29 USC §§ 255 *et seq.*, and California Labor Code § 1197.5(h) fails to state a claim for two reasons: (1) Plaintiff's claim is time barred; and (2) The Regents is immune from actions under California Labor Code § 1197.5(h).

#### 1. Plaintiff's Claims of Unequal Pay are Barred by the Statute of Limitations

Plaintiff fails to state a claim for which relief may be granted under the Equal Pay Act, 29 USC §§ 206 *et seq.*, 29 USC §§ 255 *et seq.*, and California Labor Code § 1197.5(h) because such claims expired in 2017. Violations of both California and Federal equal pay laws are subject to a two-year statute of limitations, or a three-year statute of limitations if such violations were willful. 29 U.S.C. § 255(a); Cal. Labor Code § 1197.5(i). Because Plaintiff's equal pay claim was not asserted until April 5, 2021, six and a half years after the claim became ripe in November 2014, it must be dismissed.

As alleged in the FAC and presumed true for purposes of this motion, the facts relevant to this cause of action are as follows:[1] In October 2013, Plaintiff

---

[1] Defendant utilizes female pronouns for Plaintiff as such are used in both the Complaint and FAC. Defendant will make all efforts to utilize the correct personal pronouns and welcomes notification if those used herein are incorrect.

discovered she was being paid under scale. (FAC ¶¶ 17-18.) "The time frame for this deficiency was from the year 2008 until this discovery in October of 2013." (FAC ¶18.) Plaintiff reported her concerns to her immediate supervisor in or around April 2014. (FAC ¶¶ 18-19.) Around the same time, Plaintiff reported the unequal pay to her union. (FAC ¶ 19.) Next, in November 2014, Plaintiff spoke to The Regents' Director of Service Employees. (FAC ¶ 20.) The pay disparity was addressed and Plaintiff received a three-step pay increase; however, Plaintiff asserts she should have received back pay. (FAC ¶ 21.) Plaintiff "immediately protested that she was entitled to receive retroactive pay" and advised The Regents that she would involve her union. (FAC ¶ 21.) Plaintiff then met with The Regents and her union representative. (FAC ¶ 22.) During this meeting, "Ms. McGee was specifically told that she would need to bring a civil court action" to obtain back pay. (FAC ¶ 22.) "Though she felt victimized, Ms. McGee ultimately decided that she would not formally pursue retroactive pay in 2014." (FAC ¶ 23.)

As pleaded in the FAC, Plaintiff's claims for unequal pay became ripe in November 2014 when she discovered she was entitled to back pay and The Regents declined to provide it. Plaintiff was even advised at the time to bring an action in civil court. Assuming arguendo that this alleged conduct occurred as pleaded and constituted actionable willful violations of state and federal equal pay laws – which Defendant denies – the cause of action accrued in November 2014 and became time-barred in November 2017. This lawsuit was filed on November 24, 2020 and the Complaint was not amended to include a cause of action for willful violation of equal pay laws until April 5, 2021. Thus, Plaintiff's third cause of action is time-barred and should be dismissed with prejudice.

### 2. The Regents is Immune from Suit Under the California Labor Code

Plaintiff fails to state a claim upon which relief may be granted for violation of California Labor Code § 1197.5(h) because The Regents is immune from statutes

regulating the wages and benefits of employees and other workers. *San Francisco Labor Council v. Regents of the University of California*, 26 Cal.3d 785, 788 (1980); *see also Regents of University of California v. Aubry*, 42 Cal.App.4th 579, 587-88 (1996).

It is well-established that The Regents is exempt from Labor Code provisions regulating employee wages and benefits by virtue of its constitutional status. *Kim v. Regents of the University of California*, 80 Cal.App.4th 160, 166 (2000). Article IX, section 9 of the California Constitution provides: "The University of California shall constitute a public trust, to be administered by the existing corporation known as The Regents of the University of California, with full powers of organization and government, subject only to such legislative control as may be necessary to insure the security of its funds and compliance with the terms of the endowments of the university...." Article IX, section 9, grants The Regents broad powers to organize and govern the University and limits the Legislature's power to regulate either the University or The Regents. *Miklosy v. Regents of University of California*, 44 Cal.4th 876, 889 (2008).

"The Regents function[s] in some ways like an independent sovereign, retaining a degree of control over the terms and scope of its own liability." *Id.* at 890. The Legislature, however, may regulate The Regents' conduct in limited areas, which include "appropriations regarding salaries; general police power regulations; and regulations governing matters of statewide concern not involving internal university affairs." *Kim*, 80 Cal.App.4th at 166. None of these three areas are called into concern in connection to Plaintiff's Labor Code claim. Rather, courts have consistently held that The Regents is exempt from statutes regulating the wages and benefits of employees and other workers, including those pertaining to prevailing wages and overtime pay on the ground those matters are internal affairs of the university that do not come within any of the exceptions to constitutional immunity. *San Francisco Labor Council*, 26 Cal.3d at 788; *Aubry*, 42 Cal.App.4th

at 587-88; *Kim*, 80 Cal.App.4th at 167; *see Johnson v. Arvin-Edison Water Storage Dist.*, 174 Cal.App.4th 729, 736 (2009) (highlighting the "established rule that has been recognized by the Legislature, i.e., public entities are not subject to a general statute unless expressly included.") Even if Plaintiff's Labor Code section 1197.5 claim was not time-barred, which it is, dismissal with prejudice is warranted because The Regents is immune from such regulation.

### B. LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFF CANNOT SHOW A REASONABLE POSSIBILITY THAT A DEFICIT CAN BE CURED BY AMENDMENT

While leave to amend should be liberally granted, the Court has the discretion to grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend if it appears from the face of the complaint that under applicable substantive law, there is no reasonable possibility that an amendment can cure the defect. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990) (stating that a district court is generally required to grant leave to amend unless amendment would be futile); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). As detailed above, Plaintiff's third cause of action is time-barred and, in so far as the cause of action is brought under the California Labor Code, The Regents is immune from suit. Accordingly, there is no iteration or amendment to this cause of action which would cure the deficits. As such, leave to amend should be denied because no amendment would state a claim upon which relief may be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /




4842-9491-5046.1

7

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant the Motion to Dismiss Plaintiff's third cause of action without leave to amend.

DATED: April 26, 2021                LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Haleh R. Jenkins*
      Haleh R. Jenkins
      Anne M. Turner
      Attorneys for Defendant
      THE REGENTS OF THE UNIVERSITY OF CALIFORNIA



4842-9491-5046.1

8

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES

**FEDERAL COURT PROOF OF SERVICE**
Carmen McGee v. The Regents of the University of California, et al.
United States Central District Case No. 2:20-CV-10697 VAP

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 26, 2021, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Franklin L. Ferguson, Jr., Esq.            Attorneys for Plaintiff
3580 Wilshire Boulevard, Suite #1732       CARMEN McGEE
Los Angeles, CA 90010-2534

E-Mail: franklin@franklinferguson.com
T:(323) 936-4375
F: (323) 679-1064

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 26, 2021, at Costa Mesa, California.

Jeri Chrysong

4842-9491-5046.1

1

NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES