**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: John.Barber@lewisbrisbois.com
HALEH R. JENKINS, SB# 185482
E-Mail: Haleh.Jenkins@lewisbrisbois.com
ANNE M. TURNER, SB# 315861
E-Mail: Anne.Turner@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN MCGEE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, local government entity of the State of California; NIDAL ALAMMARI, an individual; VIGEN ESMILLIAN, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-CV-10697 VAP (KSx)<br><br>District Judge: Virginia A. Phillips<br>Courtroom 8A<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**<br><br>Date: June 7, 2021<br>Time: 2:00 p.m.<br>Courtroom 8A |

Defendant The Regents of the University of California ("The Regents") respectfully submits the following Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Third Cause of Action ("Motion to Dismiss").

/ / /

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's third cause of action for unequal pay is time-barred. Plaintiff's unequal pay claim is premised on purportedly disparate paychecks between 2008 and November 2014. In an attempt to plead around the statute of limitations, Plaintiff seeks "backpay" for this period and argues that each paycheck without "backpay" constitutes a new and a continuing violation. As detailed below, this theory fails as even a continuing violation does not permit recovery outside the statute of limitations period. *O'Donnell v. Vencor Inc.*, 465 F.3d 1063, 1068-1069 (9th Cir. 2006). Next, Plaintiff argues that her failure to receive an equity bonus in 2017 is also an equal pay violation. The FAC provides little context for Defendant to have been put on notice that the 2017 equity bonus is part of Plaintiff's unequal pay claim. Nevertheless, such a claim is also time-barred as it occurred more than three years before Plaintiff asserted a cause of action for unequal pay in the FAC, filed on April 5, 2021. Plaintiff's argument that the FAC relates back to the date of the original Complaint is unavailing because the Complaint contains no common core of operative facts that would put Defendant on notice of the unequal pay cause of action. Further, even the initial complaint was time barred as it was filed on November 25, 2020, and therefore more than three years after the alleged equity bonus of October/November 2017 alleged in paragraph 44.

Finally, Plaintiff concedes that Defendant is immune from claims under California Labor Code section 1197.5(h). So even if the unequal pay claim was not time-barred, there could be no recovery under the Labor Code. As detailed in Defendant's moving papers and below, the deficits in Plaintiff's third cause of action warrant dismissal without leave to amend.

## II. PLAINTIFF'S THIRD CAUSE OF ACTION IS TIME-BARRED

Plaintiff's equal pay violation claim is premised on "pay disparities which marred her first six (6) years at UCLA". (FAC at ¶ 3.) In 2008, The Regents

instituted a pay scale system under which Plaintiff asserts she was paid under scale. "The time frame for this deficiency was from the year 2008 until this discovery in October of 2013." (FAC at ¶18.) The pay deficiency continued until corrected in November 2014. (FAC at ¶¶ 18, 21, 23.) As stated in Plaintiff's opposition, each of the paychecks she received between 2008 and November 2014, in which she asserts she was paid under scale, potentially constitutes a violation of the Equal Pay Act which would commence a new statute of limitations period. Even under a three year statute of limitations period, Plaintiff is time-barred from asserting EPA claims as to any of these paychecks.

### A. The Failure to Provide Backpay Does Not "Renew" Every Pay Period

The FAC repackages Plaintiff's expired claims for pay deficiencies between 2008 and November 2014 as one lump sum of "backpay." To the extent this can be permitted, the claim for backpay became ripe in November 2014 when The Regents made its final determination that no backpay would be provided. (FAC at ¶¶ 22-23.) Although each deficient check in which Plaintiff was paid under scale may have constituted a new violation with a new statute of limitations, each check without "backpay" does not. If this were the case, it would render the statute of limitations meaningless, allowing claims for an indefinite period so long as they were brought within two or three years of the end of the employment relationship. Most significantly, Plaintiff admits she "ultimately decided that she would not formally pursue retroactive pay in 2014." (FAC at ¶ 23.) As such, Plaintiff concedes that these claims attained a level of permanence and Plaintiff was on notice that any claim would require suit. She cannot now manipulate the law to avoid the fact that her claims are time-barred.

Plaintiff's argument that failure to provide backpay should be considered "a continuing and intentional pattern of singular, repeated violations of the EPA," (Opposition at 2), is likewise unavailing. The "continuing violation doctrine does

not permit [Plaintiff] to recover back pay for discriminatory pay periods outside the applicable statute of limitations period." *O'Donnell v. Vencor Inc.*, 465 F.3d 1063, 1068-1069 (9th Cir. 2006) (collecting cases). Even if Plaintiff's November 2014 denial of backpay could be considered a violation in and of itself, it would, at best, create a new statute of limitations period beginning in November 2014. Each paycheck without backpay does not "renew" the statute of limitations period. *See, e.g., O'Donnell*, 465 F.3d at 1068-1069; *Wust v. Northwest Airlines, Inc.*, No. C75-674V, 1979 U.S.Dist.LEXIS 11950, at *2 (W.D.Wash. June 5, 1979) ("The action of Northwest Airlines in reducing plaintiffs' wages clearly put the plaintiffs on notice of their potential claim. That action commenced the running of the statute of limitations. Under these circumstances the 'continuing violation' rule has no applicability."); *cf. Morgan v. Regents of University of California*, 88 Cal.App.4th 52, 65 (2000) ("[A] continuing violation claim will likely fail if the plaintiff knew, or through the exercise of reasonable diligence would have known, [he] was being discriminated against at the time the earlier events occurred.").

Plaintiff's argument that each paycheck received without backpay "renews" the statute of limitation periods is a transparent attempt to overcome the fact that she is time-barred from asserting claims based on her 2008 through 2014 paychecks. It has no basis in logic or law. To the extent that Plaintiff's claim for "backpay" is cognizable as its own independent equal pay violation, it accrued in November 2014 and became time-barred in November 2017, three years before Plaintiff initiated this action in November 2020 and three and a half years before Plaintiff claimed equal pay violations in April 2021.

**B. <u>An Equal Pay Violation Claim Based on the 2017 Equity Bonus is Time-Barred</u>**

Any claim for an equal pay violation in connection to the 2017 equity bonus is barred by the statute of limitations. The FAC alleges that the 2017 equity bonus was awarded in October or November 2017. (FAC at ¶ 44.) Thus, the claim

became time-barred in October or November 2019, or October or November 2020 in the event of a willful violation. Plaintiff did not assert an equal pay cause of action until April 5, 2021.

The FAC does not relate back to the filing of the Complaint on November 25, 2020 because the original Complaint does not provide adequate notice of the claim. Under the Federal Rules of Civil Procedure, an amended complaint relates back to the filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (internal quotation marks omitted). This requirement "is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading." *Id.* at 1133, fn. 9.

To state a claim for violations of the Equal Pay Act, Plaintiff must plead facts sufficient to establish that "employees of the opposite sex were paid different wages for equal work." *Stanley v. University of S. California*, 178 F.3d 1069, 1074 (9th Cir. 1999). "Equal work" requires that "the jobs being compared are 'substantially equal.'" *Id.* (quoting 29 C.F.R. § 1620.13(a).)

Here, there is no common core of operative facts in the initial complaint that would put Defendant on notice that Plaintiff was asserting a claim of equal pay violations in connection with the 2017 equity bonus. Regarding the equity bonus, the original Complaint states only, "Annually, an Equity Bonus is awarded to Ms. McGee and her peers, traditionally disseminated in October or November. 2017 marked the very first occasion that Ms. McGee failed to receive such a bonus." (Complaint at ¶ 44.)

The original Complaint contains no allegation that Plaintiff did not receive the 2017 equity bonus due to her gender, that Plaintiff's peers received the equity bonus, that Plaintiff's peers performed equal work, or that Plaintiff's peers were of a different gender. Compounding these deficiencies, the original Complaint likewise contains no allegations that the failure to provide the equity bonus to Plaintiff was willful. The Complaint is entirely silent regarding similarly situated recipients of the 2017 equity bonus, which will be essential to establishing an equal pay violation. To the extent the single sentence addition in the FAC that "Ms. McGee received deliberately disparate pay, as compared to her male, non-Black peers" cures these issues, which it does not, this is new information was not present in the original Complaint. (FAC at ¶ 44.) The equal pay violation claim is a new legal theory, dependent on new facts and evidence. As such, the FAC does not relate back to the filing of the Complaint and this cause of action is time-barred.

Furthermore, even a relation back to the original Complaint filed on November 25, 2020 fails to save Plaintiff's claim that she was denied a bonus she was supposed to get in October/November 2017, and no facts are alleged to save this deficiency. As such, while the FAC applies to bar this claim based on the statute of limitations, even relating back, this claim is time-barred.

### C. Plaintiff Fails to State a Claim for Equal Pay Violations in Connection to the 2017 Equity Bonus

It is not clear from the face of the FAC that Plaintiff intends to include her failure to receive an equity bonus in October or November 2017 as a basis for her Equal Pay cause of action. To the extent this is the case, Plaintiff still fails to state a claim. Plaintiff asserts only that, "[a]nnually, an Equity Bonus is awarded to Ms. McGee and her peers, traditionally disseminated in October or November. 2017 marked the very first occasion that Ms. McGee failed to receive such a bonus. Ms. McGee received deliberately disparate pay, as compared to her male, non-Black peers." (FAC at ¶ 44.) Plaintiff includes no allegations regarding whether her peers

earned the equity bonus or were performing substantially equal work or comparator pay disparities. Because Plaintiff fails to assert that her coworkers of a different gender performing substantially equal work did receive the bonus, she has not stated a claim for an Equal Pay violation in connection to this bonus. *See Stanley*, 178 F.3d at 1074.

## III. PLAINTIFF CONCEDES THE REGENTS IS IMMUNE FROM SUIT UNDER LABOR CODE SECTION 1197.5(h)

Plaintiff makes no opposition to Defendant's argument that The Regents is immune from suit under Labor Code section 1197.5(h). Accordingly, even if Plaintiff's third cause of action were not time-barred, all references to the Labor Code must be removed. In light of the time-bar, the Court need not reach this issue.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully submits that the FAC fails to state a cause of action for unequal pay against it. Furthermore, Defendant submits that no amendment could overcome the time-bar or Defendant's immunity based on the concessions already made in the FAC. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's third cause of action with prejudice.

DATED: May 18, 2021 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Haleh R. Jenkins*
Haleh R. Jenkins
Anne M. Turner
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA



**FEDERAL COURT PROOF OF SERVICE**
Carmen McGee v. The Regents of the University of California, et al.
United States Central District Case No. 2:20-CV-10697 VAP

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 18, 2021, I served the following document(s):

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Franklin L. Ferguson, Jr., Esq.<br>3580 Wilshire Boulevard, Suite #1732<br>Los Angeles, CA 90010-2534<br>E-Mail: franklin@franklinferguson.com<br>T:(323) 936-4375<br>F: (323) 679-1064 | Attorneys for Plaintiff CARMEN McGEE |

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 18, 2021, at Costa Mesa, California.

*/s/ Nydia Shannon*
Nydia Shannon